INTERSTATE SAVINGS & LOAN ASSOCIATION, APPELLEE, V. HATTIE B. STRINE ET AL., APPELLANTS.

FILED SEPTEMBER 21, 1899.  No. 8,724.

1. **Foreign Building and Loan Associations: USURY.** Foreign building and loan associations doing business in this state are, on their usurious contracts, subject to the penalties of the statute against usury.

2. **Conflicting Evidence: REVIEW.** A finding of the trial court on substantially conflicting evidence will not be disturbed.

REHEARING of case reported in 58 Nebr., 133. *Judgment below reversed.*

*Daniel F. Osgood*, for appellants.

*Benjamin F. Johnson, contra.*

SULLIVAN, J.

An opinion was filed at the last term reversing the judgment of the district court, and remanding the cause with instructions.  A rehearing was allowed on the application of the appellee, and the cause has been argued and again submitted.  The principal contention of the loan association is that the usury law is not applicable to either domestic or foreign corporations of the class to which it belongs.  That building and loan associations, incorporated under the laws of this state, are not affected by the statute against usury is settled beyond controversy.  But in *National Mutual Building & Loan Ass'n v.*

*Keeney*, 57 Nebr., 94, we held that foreign associations are not within the proviso of section 9 of the act of 1891 (Session Laws, 1891, p. 207, ch. 14, sec. 9), that being the clause under which the exemption is claimed. Counsel for the plaintiff has presented a very able argument against the injustice and impolicy of discriminating against building and loan associations organized under the laws of other states; but he has entirely failed to convince us that the legislature intended to except such corporations from the operation of the law against usury. The legislative policy may be unwise, but the legislative meaning is not doubtful. The conclusion heretofore reached upon this question is manifestly sound and will be adhered to.

In the former opinion it was said that there was some conflict in the evidence as to whether the mortgaged property was the homestead of the Strines at the time the mortgage was executed, and the cause was remanded with instructions to the district court to determine that question. Our attention is now directed to the fact that the trial court, as shown by the record, made the following finding: "The court further finds that said premises, at the time of the execution of said above described mortgage by the defendants, was not their homestead." It being thus settled that the property was not the homestead of the appellants when the loan was made, and the security given, there should be entered in the district court a decree of foreclosure in favor of the plaintiff for $374.30. All costs, except those incurred in enforcing the decree, should be taxed to the plaintiff.

JUDGMENT ACCORDINGLY.