BUILDING & LOAN ASSOCIATION OF DAKOTA V. LOUIS B. BILAN.

FILED DECEMBER 19, 1899. No. 9,058.

1. **Foreign Building and Loan Associations: USURY.** A foreign building and loan association is subject to the penalties of the statute against usury.

2. ———: **CONTRACTS: LAW OF THE FORUM.** *Held*, That the loans were Nebraska contracts, and their construction and validity to be governed by the laws of this state.

3. **Usury: PARTIES: MORTGAGES.** The defense of usury is of no avail to a purchaser of the equity of redemption, who has assumed and agreed to pay the mortgage debt.

ERROR from the district court of Lancaster county. Tried below before HOLMES, J. *Reversed.*

*William Leese* and *Owsley Wilson*, for plaintiff in error.

*I. H. Hatfield* and *Mack & Angleton, contra.*

NORVAL, J.

In January, 1890, one Austin S. Gossett obtained from the Building & Loan Association of Dakota, a foreign corporation, two loans of $900 each, payable after three

years and within nine years, with interest at six per cent. The borrower gave two notes in the sum of $1,800 each, and secured their payment by two mortgages on real estate situate in Gibbon's Addition to the city of Lincoln. Afterward one Louis B. Bilan, through certain mesne conveyance, became the owner of the mortgaged premises. On October 15, 1895, Bilan instituted this suit in the court below against the Building & Loan Association of Dakota for the cancellation of record of said mortgages, alleging as ground therefor that they had been paid in full. The defendant filed an answer and cross-petition, denying the averments of the petition relative to payment, and praying the foreclosure of said mortgages for the sums remaining due thereon. From a decree canceling the mortgages and dismissing the cross-petition, the defendant has prosecuted error proceeding.

The record discloses, and the trial court so found the fact to be, that there had been paid on each of said loans the sum of $1,215.95; therefore, if the mortgages were tainted with the vices of usury, and such defense is available to Bilan, the mortgages have been paid, and there was no error in decreeing their cancellation. The defendant was incorporated under the laws of South Dakota, and had not complied with the laws of our state relative to building and loan associations; therefore, under the decisions, on its usurious Nebraska contracts it is subject to the penalties of the statute against usury. See *National Mutual Building & Loan Ass'n v. Keeney,* 57 Nebr., 94; *Interstate Savings & Loan Ass'n v. Strine,* 58 Nebr., 133, 80 N. W. Rep., 45.

It is argued that our statute relative to usury is not applicable in this case, because the notes and mortgages are Dakota contracts, and, being valid in that state, must be enforced here. The notes which the mortgages were given to secure contained the provisions that "this note is understood to be made with reference to and under the laws of the territory of Dakota, and all payments

hereon payable at the office of the association in Aberdeen, Dakota." Notwithstanding these stipulations, the trial court found that the contracts were made in, and governed by the laws of, Nebraska. This finding has in the record ample evidence to sustain it. The real estate incumbered by the mortgages is located in Lincoln, the loan was negotiated here through the lender's agent, the mortgages were executed and delivered, and the money was paid to Gossett, in Lincoln. It is plain the clauses to which reference has been made were inserted in the notes as a mere shift or device to escape the penalty of our usury laws, and that such clauses alone, in view of the other facts proven, did not have the effect to make the statutes of Dakota govern in the construction and validity of the contracts. There is no room to doubt that the loans were usurious. See *Lincoln Building & Savings Ass'n v. Graham*, 7 Nebr., 173; *National Mutual Building & Loan Ass'n v. Keeney*, 57 Nebr., 94. But the statute against usury can not be invoked by the defendant, since he was not a party to the usurious transaction, but purchased the mortgaged premises and assumed and agreed to pay the mortgage debts. See *Building & Loan Ass'n of Dakota v. Walker*, 59 Nebr., 456, and cases there cited. The decree is reversed, and the cause remanded, with leave to plaintiff to make the mortgagor party defendant.

REVERSED.