JOSEPH ANSELME, APPELLEE, V. AMERICAN SAVINGS & LOAN
ASSOCIATION ET AL., APPELLANTS.

FILED DECEMBER 3, 1902.　No. 10,381.

1. **Foreign Building and Loan Association: USURY.** A foreign build-
ing and loan association, which reserves a greater rate of inter-
est than $10 per year on the hundred in a contract for the loan
of money in this state, is not exempt from the penalties of the
usury laws.

2. ――――: ――――. A contract which provides for the payment of 6
per cent. interest, payable monthly, on a loan of $1,500, and
also provides for a "premium" of $1,500, to be paid by the bor-
rower by taking stock in that amount in a foreign corporation
which has not complied with our statute regulating building
and loan associations, and making monthly payments on said
stock of $9 eacn until the same is matured, is usurious.

APPEAL from the district court for Platte county. Ac-
tion to cancel a mortgage. Rehearing of case reported in
63 Nebr., 525. Heard below before ALBERT, J. *Judgment
entered on former hearing vacated, and judgment below
affirmed.*

*John B. Barnes, Mark D. Tyler* and *Eugene G. Hay,* for
appellants.

*McAllister & Cornelius, contra.*

SEDGWICK, J.

The former opinion in this case may be found in 63
Nebr., at page 525. On motion of appellee, who was plain-
tiff below, a rehearing was granted. The following stipu-
lation appears in the bill of exceptions: "It was agreed
and understood on the trial that at the time said loan was
made that the defendant association had complied with
the laws of his state, and was entitled to do business in
this state as a building and loan association." There is
nothing said in the briefs of the parties in regard to the
meaning and effect of this stipulation. As there was no

law of this state which would entitle a foreign building and loan association to do business in this state at the time that this loan was made, it may be that it was intended by this stipulation to agree that the association had. complied with the laws of its own state, and that the words "his state," in that connection, were designedly inserted.  However that may be, no action of the association or of anyone else could have entitled it at that time to do business in this state.  The stipulation, then, was not one of fact, but was a stipulation of a conclusion of law, which was erroneous, and which, we think, ought to be disregarded.

The plaintiff contends that the contract was usurious, and that the association, being a foreign corporation, is not authorized, under our building and loan association laws, to do business in this state.  The reply to this contention is that the answer which the plaintiff below filed to the cross-petition of the defendants does not allege facts sufficient to constitute a defense of usury; and, second, that there was no usury in. the contract; and, third, that the contract was made in the state of Minnesota, and was by the law of Minnesota protected against the defense of usury.

1. It will be seen from the facts stated in the former opinion that after the plaintiff had begun this action to cancel the mortgage, the defendants filed an answer to the petition, and also filed a cross-petition upon the bond and mortgage, seeking to foreclose the same; that plaintiff then filed an answer to this cross-petition, to which the defendants replied; and it is upon the issues formed by the cross-petition, the answer thereto, and the reply, that the questions discussed are raised.  The allegations of the answer to the cross-petition are not in themselves sufficient to constitute the plea of usury, but in the cross-petition the contract between the parties is fully set forth, and the answer thereto alleges that this contract, as set forth by the defendants' pleading, was usurious, and that the premium, $1,500, was retained as usurious interest.  There

can be no doubt that the issues so framed present the question of usury in the contract.

2. The plaintiff's application, dated December 21, 1888, was for forty shares of stock, and was indorsed, "Wants $2,000 by February 1st, if possible." The rules provided that "no member can obtain a loan until three months after the date of his certificate." Within the three months he applied for a loan of $1,500. The record shows that a certificate of stock was issued to him for thirty shares, but it does not appear whether any certificate for the forty shares was ever issued. His original application was afterwards indorsed, "Reduced to thirty shares." It is apparent that the purpose of the application was for a loan of money, and that the relation between the parties was that of borrower and lender. But it is insisted that the rate of interest was not in excess of 10 per cent., allowed by our usury laws, and this contention is based upon the proposition that the amount paid upon the stock, which was $18 per month, would not, together with the monthly payment of interest at 6 per cent. on the $1,500 received, amount in nine years to more than 10 per cent. on the $1,500. This proposition, it will be seen, assumes that the stock would be matured within nine years. But there is no agreement on the part of the defendant that the stock will be matured within that time. One-half of the payment upon the stock was for the purpose of producing a fund to pay the premium; that is, the $1,500 loaned was to be repaid by the fifteen shares of stock when it was matured, and the $1,500 premium was to be paid by the other fifteen shares of stock when matured. The amount paid for the use of the money was in reality $9 per month, in addition to the 6 per cent. specified as interest—$7.50 per month—so that the payments for the use of the money under this contract amounted to $16.50 per month; something over 13 per cent. per annum. The contract was clearly usurious.

It has been frequently held in this state that "a foreign building and loan association is subject to the penalties of

the statute against usury." *National Mutual Building & Loan Ass'n v. Keeney,* 57 Nebr., 94; *Building & Loan Ass'n of Dakota v. Bilan,* 59 Nebr., 458; *Interstate Savings & Loan Ass'n v. Strine,* 58 Nebr., 133, affirmed on rehearing in 59 Nebr., 27. The policy of our law is to subject building and loan associations to strict supervision. There are many things in the organization of the defendant association, and its method of doing business, that are not allowed by our statute. A foreign corporation which has not subjected itself to the supervision of the state is not exempt from its usury laws. If it were a fact that the association had provided a way by which plaintiff could pay the usurious interest out of profits he would derive from investments in the stock of the association, that would not constitute a defense to the charge of usury. It seems the defendant violated the laws of Minnesota, and upon the application of the attorney general its affairs were placed in the hands of a receiver. The receiver now insists that this fact distinguishes this case from the cases above cited. There is no ground for such a distinction. The rights of the parties to the contract were fixed before the appointment of the receiver, and the receiver did not take any greater right as against this plaintiff than the association had at the time of his appointment. The case at bar is clearly within the decisions cited. The defendant, therefore, could recover from the plaintiff only the amount it originally loaned him, without interest or costs. But the plaintiff has paid on account of this loan $1,846. It follows that the decree of the district court is correct.

The judgment entered on the former hearing is vacated, and the decree of the district court

AFFIRMED.