M. C. CLARKE, RECEIVER, APPELLANT, V. CHARLES E. WOODRUFF ET AL., APPELLEES.

FILED JUNE 30, 1904.   No. 13,466.

**Usury.** The loan made to the appellee in this case *held* to be tainted with usury under the rule stated in the case of *Anselme v. American Savings & Loan Ass'n*, 66 Neb. 520, which is followed.

APPEAL from the district court for Buffalo county: CHARLES L. GUTTERSON, JUDGE. *Affirmed.*

*M. D. Tyler,* for appellant.

*Harrison & Pearne, contra.*

LETTON, C.

This is an action to foreclose a mortgage executed by the appellee Woodruff to the American Building & Loan Association of Minneapolis, the name of which association was afterwards changed to the American Savings & Loan Association. This corporation afterwards became insolvent and the appellant Clarke was appointed receiver. In 1889, the appellee Woodruff made application to the association for a loan of $500. By the rules of the corporation the shares were of the par value of $100 each. Woodruff was an original subscriber for five shares and acquired five by purchase before he made application for the loan. His application was approved, the loan was made and he gave a bond and mortgage to the association for the sum of $1,000, payable on or before 9 years from the date, which was December 31, 1889. The bond and mortgage provided for the payment of interest at 6 per cent. per annum payable monthly on the sum of $500, and also for the payment of $7 per month as "dues on the said shares of capital stock." Woodruff actually received $495 in cash, $5 being retained for expenses of recording, etc. He made monthly payments as required by the terms of the bond and mortgage up to January 6, 1896, when he

ceased to pay. The appellant was appointed receiver on the 5th day of February, 1896, a short time after the last payment made by Woodruff. Up to this time Woodruff had paid in all $660 upon the bond and mortgage. The district court found that the loan was usurious, and had been paid in full, and canceled the mortgage, from which decree this appeal is taken.

At the time the loan was made there were no provisions in the statutes of Nebraska allowing foreign building and loan companies to do business in this state, hence the transaction must be governed by the same rules as apply to other cases of loans made and mortgages given to secure the same, and the peculiar character of the association as a mutual concern is no protection against the penalties imposed by the statute for the exaction of usurious interest.

The appellant concedes that if the rule announced in *Anselme v. American Savings & Loan Ass'n,* 66 Neb. 520, is adhered to in this action, the appellant is not entitled to recover the amount he claims is still due and unpaid, and asks us to overrule the doctrine of that case, citing numerous authorities in his brief.

The first opinion filed in the *Anselme* case was in line with the rule contended for by the appellant. *Anselme v. American Savings & Loan Ass'n,* 63 Neb. 525, but a rehearing was allowed and upon reargument and further consideration the rule announced in the later opinion was adopted. There is not an unanimity of mind in the courts of the several states as to the proper rule to apply in cases where a building and loan association becomes insolvent and seeks to foreclose on mortgages executed by borrowers. The authorities cited in the appellant's brief have failed to convince us that the rule laid down in the *Anselme* case is wrong. On the contrary we are satisfied with its correctness and it will be adhered to.

But appellant claims that even if the rule of the *Anselme* case is adhered to there is still a balance of $80 due on the bond and mortgage. It appears that the appellee made 80 payments in all, the first 8 payments before

the loan was received being of $7 each, dues upon his 10 shares of stock, and after the loan was made he testifies he paid $8.50 each month, $6 as dues and $2.50 as interest. The whole amount paid by him was $660. Even if we allow the appellant the benefit of the 10 cents per share per month, which he claims was paid for expenses, which we do not decide he was entitled to, there was still an amount paid by appellee in excess of the amount received by him, and this, under the operation of the usury law, was all he was bound to repay.

The judgment of the district court should be affirmed.

AMES, C., concurs. OLDHAM, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.