REFRIGERATION & AIR CONDITIONING INSTITUTE, INC., APPELLANT, V. HAROLD W. HILYARD, APPELLEE.

18 N. W. 2d 548

FILED MAY 4, 1945. No. 31833.

*F. C. Radke* and *Littrell & Patz*, for appellant.

*O. B. Clark*, for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

MESSMORE, J.

This is a law action based on a promissory note and contract, given by defendant for a course of instruction in refrigeration and air conditioning, in the amount of $225. Plaintiff sued for the balance due of $165 and interest. Jury was waived, trial had to the court, the court entered judgment for the defendant and dismissed plaintiff's petition. Motion for a new trial was overruled. Plaintiff appeals.

The plaintiff's petition sets forth the contract and note, its compliance with its conditions; in addition, alleges it is

an Illinois corporation and the contract is an Illinois contract. The laws of Illinois do not contain statutes such as sections 62-303, 62-304, 62-305, R. S. 1943. Defendant's answer alleges the contract is void, as provided by sections 62-303, 62-304 and 62-305, R. S. 1943. Briefly, the stipulated facts are as follows:

Plaintiff is an Illinois corporation, was incorporated for the purpose of conducting a trade school, offering courses of study in refrigeration and air conditioning, and is equipped to give such courses by correspondence method in the elementary and theoretical phases thereof, and thereafter to give a practical and laboratory shop course of training in its school and shops in Chicago. As a part of its business, the plaintiff, by its agents, solicited business in other states than Illinois, and on August 24, 1938, one of its agents solicited the defendant in Lincoln, Nebraska, and defendant signed the contract and promissory note and paid $10 on account. The agent then gave the defendant the preliminary educational, proficiency and mechanical inclination test, as provided for in the contract, at his home in Lincoln, and forwarded his conclusion, drawn from the test, with the application and $10 remittance to the plaintiff in Chicago. Upon receipt and examination thereof plaintiff approved the application and enrolled defendant as a student, accepted the $10 payment, notified the defendant he was qualified to pursue the course of instruction offered by the defendant, and his application was approved. The acceptance was stamped upon the contract and note August 26, 1938. Thereafter, as soon as the defendant became enrolled as a student, printed instruction sheets and examination questions were sent through the United States mail, or by express, to the defendant. Defendant accepted such material, pursued the course of study for about six months, made five additional payments on the note of $10 each, refused to proceed further and made no further payments. Plaintiff was at all times ready, willing and able to furnish the instruction according to the contract.

There nowhere appears in the contract or in any other

paper or document relating to the agreement for tuition, prominently, legibly, in bold type or otherwise, across the face of the contract or above the signature thereto, the words "negotiable note. given for tuition," or "negotiable contract note given for tuition and scholarship," or any other words or figures, as required by or complying with the provisions of section 62-303, R. S. 1943.

The contract, exhibit A, is in the form of an application for admission as a student in the training program conducted by the plaintiff. It provides that the plaintiff shall have the right to reject the application if the scores on the educational proficiency test and mechanical inclination test, which were taken by the defendant in the presence of plaintiff's agent, did not, in the sole judgment of the plaintiff, meet its requirements for admission, or if, for other reasons, a duly authorized officer of the plaintiff considered the acceptance of the application undesirable. It further provides that the defendant would be notified as soon as possible whether the plaintiff accepted or rejected his application, and in the event of rejection the payment made would be returned to the defendant. The contract then provides that if the application is accepted the defendant would be entitled to receive the complete training.

Plaintiff contends that the court erred in failing to find that the contract note is an Illinois contract, legal and valid in the state of Illinois, and not subject to interpretation and control of sections 62-303, 62-304 and 62-305, R. S. 1943, and that said contract note is enforceable in Nebraska.

Section 62-303, R. S. 1943, provides in part: "It shall be unlawful for any proprietor, officer, agent or representative of any business college, or the business or commercial department of any school doing business within the State of Nebraska, or without the state when operating or soliciting within the state, to contract for or receive for tuition or scholarship a negotiable note or negotiable contract, except the said negotiable note or notes or negotiable contract shall have written or printed prominently and legibly and in bold type across the face thereof, and above the signatures there-

to, the words 'negotiable note given for tuition' if a note, or the words 'negotiable contract note given for tuition and scholarship,' if a contract, and unless a copy of said instrument shall be delivered to the makers thereof at the time of signing the same." Section 62-304, *supra*, provides that the violation of the provisions of the negotiable instrument act constitutes a misdemeanor and fixes the penalty. Section 62-305, *supra*, provides that when such a note fails to comply with the provisions of the act it shall be void.

" * * * the place where the last act is done which is necessary to the validity of the contract is the place where the contract is entered into." *McElroy v. Metropolitan Life Ins. Co.*, 84 Neb. 866, 122 N. W. 27. See, also, *Avondale v. Sovereign Camp, W. O. W.*, 134 Neb. 717, 279 N. W. 355.

Though the contract may be considered an Illinois contract its enforcement in this state is subject to the following: The plaintiff is a foreign corporation not domesticated in this state and not authorized to transact business therein. By comity of the states, corporations of one state may sue in the courts of another state, the same as a domestic corporation, unless prohibited by legislative enactment. *Schmitt & Bro. Co. v. Mahoney*, 60 Neb. 20, 82 N. W. 99. There is no such legislative enactment in this state so under the doctrine of comity the plaintiff may sue in this state.

There is a clear distinction and difference as to what constitutes the transacting of or doing business by a foreign corporation in this state for the purpose of obtaining service of process and transacting or doing business by a foreign corporation with a resident of the state. When the corporation's agent solicits and by doing so procures a contract, promissory note and down payment to be approved in the state of its domicile, where the contract and acts of the agent are legal, but in violation of the local law where the solicitation is made, and then the foreign corporation comes into this state by exercise of the doctrine of comity and institutes suit against such resident to enforce the contract, it owes the reciprocal duty to abide by the local law in effect when the solicitation was made and it accrues to and pos-

sesses no greater rights under such circumstances than a domestic corporation. We hold the plaintiff, a foreign corporation, through its agent, under the circumstances here presented, was transacting business in this state and, this being true, the law is: Where a corporation avails itself of the comity of a foreign state to transact business therein it is subject to the responsibilities and burdens which such state imposes. In entering a foreign state to do business therein, a corporation impliedly agrees to become subject to its laws and is deemed to have notice of those laws. Consequently, it cannot exercise powers or do acts contrary to the laws of the state whose comity it thus enjoys, even though such powers or acts may be authorized by its own charter or by the laws of its own state. 17 Fletcher Cyc. Corporations, sec. 8339, p. 148. See, also, *Interstate Savings & Loan Assn. v. Strine,* 58 Neb. 133, 78 N. W. 377, 59 Neb. 27, 80 N. W. 45; *Building & Loan Assn. of Dakota v. Bilan,* 59 Neb. 458, 81 N. W. 308; *State v. Standard Oil Co.,* 61 Neb. 28, 84 N. W. 413; *Anselme v. American Savings & Loan Assn.,* 66 Neb. 520, 92 N. W. 745; *State v. Fleming,* 70 Neb. 523, 97 N. W. 1063. Foreign jurisdictions, indicating the same legal conception, are too numerous to cite. See, also, 20 C. J. S., sec. 1790, p. 13; Taylor, Private Corporations (5th ed.) sec. 384, p. 368.

It is therefore apparent a corporation has no right to carry on business in a foreign state unless it complies with the domestication statutes of that state, except by comity. If a foreign corporation solicits, negotiates, or otherwise carries on business in this state contrary to local laws, and a contract growing out of such transaction is subsequently entered into and valid in another state, though invalid in this state, it will not be enforced in this state as a matter of comity. Under such circumstances, when the foreign corporation comes into this state to carry on its business as a matter of comity between states, there arises a reciprocal duty on its part to comply with the laws of this state, and, when it fails to do so, it will not be permitted to enforce the contract in the courts of this state. For the reasons

given in this opinion the judgment of the district court is affirmed.

AFFIRMED.

YEAGER, J., concurring in the result.

I concur in the result arrived at in the majority opinion and I agree that under the facts and on the theory of the opinion a correct determination and disposition of the case was made, but in my opinion more than this is called for by the issues presented.

The pleadings put in issue the question of the validity of notes and contracts given for tuition contrary to the provisions of sections 62-303, 62-304 and 62-305, R. S. 1943, and also the question of the right of a foreign person or entity under comity to enforce such a note or contract in the courts of this state. I think these questions should be determined herein.

I am authorized to state that Simmons, C. J., and Chappell, J., concur in the result for the reasons herein stated.