EUGENE MILLER v. STATE INSURANCE COMPANY OF DES MOINES.

FILED MARCH 3, 1898. No. 7907.

Limitation of Actions: CONTRACTS: PUBLIC POLICY. The statutes of this state provide in what time actions may be brought; and a contract which provides that no action shall be brought thereon, or for a breach thereof, unless within a time therein specified, which is different from the time which the statute fixes for bringing an action on such contract or for a breach thereof, is against public policy and will not be enforced by the courts of this state.

ERROR from the district court of Sherman county. Tried below before HOLCOMB, J. *Reversed.*

*C. H. E. Heath* and *Paul & Templin,* for plaintiff in error.

*Long & Mathew, contra:*

A special limitation contained in a contract is valid and binding no matter what the general law of limitation may be. (*Hudson v. Bishop,* 35 Fed. Rep. 820; *O'Laughlin v. Union Central Life Ins. Co.,* 3 McCrary [U. S.] 543; *Riddlesbarger v. Hartford Ins. Co.,* 7 Wall. [U. S.] 386; *Davidson v. Phœnix Ins. Co.,* 4 Sawyer [U. S.] 594; *Thompson v. Phœnix Ins. Co.,* 25 Fed. Rep. 296; *Arthur v. Homestead Fire Ins. Co.,* 78 N. Y. 462; *De Grove v. Metropolitan Ins. Co.,* 61 N. Y. 594; *Wilkinson v. First Nat. Fire Ins. Co.,* 72 N. Y. 499; *Allemania Ins. Co. v. Little,* 20 Brad. [Ill.] 431; *Phœnix Ins. Co. v. Lebcher,* 20 Brad. [Ill.] 450; *Humboldt Ins. Co. v. Johnson,* 1 Brad. [Ill.] 309; *Johnson v. Humboldt Ins. Co.,* 91 Ill. 92; *Cornett v. Phœnix Ins. Co.,* 67 Ia. 388; *Garretson v. Hawkeye Ins. Co.,*

65 Ia. 468; *Edson v. Merchants Mutual Ins. Co.*, 35 La. Ann. 353; *Blanks v. Hibernia Ins. Co.*, 36 La. Ann. 599; *Farmers Mutual Fire Ins. Co. v. Barr*, 94 Pa. St. 345; *Waynesboro Mutual Fire Ins. Co. v. Conover*, 98 Pa. St. 384; *Universal Mutual Fire Ins. Co. v. Weiss*, 106 Pa. St. 20; *Underwriters' Agency, v. Sutherlin*, 55 Ga. 266; *Tasker v. Kenton Ins. Co.*, 58 N. H. 469; *Corn City Mutual Ins. Co. v. Schwan*, 1 O. C. C. 192; *Phœnix Ins. Co. v. Underwood*, 12 Heisk. [Tenn.] 424; *Higgins v. Windsor County Mutual Ins. Co.*, 54 Vt, 270.)

RAGAN, C.

Eugene Miller files here a petition in error to review a judgment of the district court of Sherman county dismissing an action brought therein by him against the State Insurance Company of Des Moines, Iowa.

Miller's suit was upon an ordinary insurance policy issued by the defendant in error agreeing to indemnify him for any loss the insured property might sustain by reason of fire or lightning within a certain time. The policy provided that the insurance company should not be liable for any loss thereunder unless a suit for such loss was brought within six months of the date of the loss or damage, any statute of limitations to the contrary notwithstanding. Among other defenses to the action the insurance company interposed that Miller's suit was not brought within six months after the happening of the loss sued for. The case was tried to the court without a jury, and the court found specially as follows: "The court finds, under the pleadings and the evidence, in favor of the plaintiff as to all issues raised by the pleadings, except as to the issue that the action was not brought within six months from the time the cause of action accrued, as provided in the policy, and upon that issue the court finds in favor of the defendant." Upon this finding the court dismissed Miller's action. The statutes of this state provide in what time all actions may be brought, and a contract which provides that no

action shall be brought thereon, or for a breach thereof, unless within a time therein specified, which is different from the time which the statute fixes for bringing an action on such contract, or for a breach thereof, is against public policy, and will not be enforced by the courts of this state. (*Barnes v. McMurtry*, 29 Neb. 178.) In *Eagle Ins. Co. v. Lafayette Ins. Co.*, 9 Ind. 443, such a clause was held to be absolutely void. *Phœnix Ins. Co. v. Rad Bila Hora Lodge*, 41 Neb. 21, was a suit on an insurance policy which contained a clause similar to the one in question here. Discussing the validity of such a provision in a contract IRVINE, C., while admitting that a respectable line of authorities supports the validity of such a stipulation, said: "In no case, however, has effect been given to such a provision in this state. Notwithstanding the authorities upon the subject, the writer would hesitate to commit himself to the views that the parties to a contract may bind the courts to a period of limitations other than that prescribed by statute." The court adopts the views of the commissioner as expressed in that case and declines to be bound to a period of limitations fixed by any contract other than the period prescribed by the statute.

The judgment is reversed and the cause remanded with instructions to the district court to enter a judgment in favor of the plaintiff in error upon the special findings made by the court.

REVERSED AND REMANDED WITH DIRECTIONS.