OMAHA FIRE INSURANCE COMPANY v. M. R. DRENNAN ET AL.

FILED NOVEMBER 17, 1898. No. 8451.

Insurance Policies: LIMITATION OF ACTIONS: PUBLIC POLICY. A clause in an insurance policy limiting the right of action to a different time from that allowed by statute is void, as against public policy.

ERROR from the district court of Douglas county. Tried below before FERGUSON, J. *Affirmed.*

*W. W. Morsman,* for plaintiff in error.

*Ed P. Smith* and *James B. Sheean, contra.*

NORVAL, J.

This was an action on a policy of fire insurance. A general demurrer to the petition was overruled, and defendant elected to stand on its demurrer. A judgment was rendered in favor of plaintiffs for the amount of the policy, to reverse which is the object of this proceeding.

The sufficiency of the petition is assailed. It alleges "that the following provision, to-wit: 'It is hereby expressly provided that no suit or action against this company for the recovery of any claim by virtue of this policy shall be sustainable in any court of law or equity, until after full compliance by the assured with all the foregoing requirements; nor unless such suit or action shall be commenced within twelve months next after the fire shall have occurred; and should any suit or action be commenced against the company after the expiration of the aforesaid twelve months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim,'—inserted in said policy was printed in very small type and was read with much difficulty; that when said application and contract of insurance were made and the premium paid, the plaintiffs did not contemplate the insertion of said proviso in said policy, and the defendant's agent did not make any reference thereto, nor did the plaintiffs have any knowledge thereof; that the application upon which said policy was issued was oral, and no reference was made to said proviso as a part of said contract, nor to any of the conditions which said policy would contain, nor did the plaintiffs ever expressly agree to make said proviso or condition a part of said policy; to the contrary thereof, the defendant agreed to indemnify plaintiffs against loss or damage by fire in consideration of the sum of $2, which was paid by plaintiffs to defendant when the contract of insurance was made; that in writing said policy defendant inserted said proviso without the knowledge or express consent or authority of the plaintiffs, and said plaintiffs never expressly agreed to said insertion; that at the time said policy was applied for and delivered to plaintiffs, defendant, or its agent, did not inform or advise said plaintiffs that said condition was inserted in said policy, and that nothing was said by plaintiffs or defendant, or its agent, about said proviso being in said policy, or about any of the conditions in said policy;

that no consideration other than the $2 referred to above was paid at the time said contract of insurance was made, and that no special or separate consideration was demanded or paid for said proviso. Plaintiffs therefore allege that by reason thereof said proviso is a nullity." It also appears from averments contained in the petition that the suit was commenced on February 23, 1894, and that the loss occurred on January 29, 1892. The question presented is whether the action is barred by reason of the clause contained in the policy and set out in the petition, since more than one year had elapsed between the date of the fire and the institution of this suit. The averments in the petition set out above, following the clause of the policy, counsel for plaintiffs concede, were inserted to bring the case within the rule laid down in the opinion in *Barnes v. McMurtry*, 29 Neb. 178, wherein it is stated that "If there was no consideration in support of the provision it would be like any other contract having no consideration to support it,—a *nudum pactum*. If such a provision was in the contemplation of the parties when the application for insurance was made, or was in the application itself, then no doubt the original consideration paid for the insurance, and the policy issued thereon, would bind the insured, but a mere voluntary restriction, not in the application nor in the contemplation of the parties placed in the policy as a proviso, in print too fine to be read by a person of middle age, without spectacles, cannot be considered a part of the contract." We are asked to overrule that decision as being unsound in principle as well as contrary to authority. We refrain from either approving or rejecting that decision, for the reason that the ruling in the case before us by the trial court, that the action was not barred, is sustained by the opinion of this court in *Miller v. State Ins. Co.*, 54 Neb. 121. The policy therein involved contained a stipulation that the insured should not be liable for loss under the policy unless suit should be brought within six months from the date of the loss. It was

44

held that such clause was against public policy, and, therefore, not enforceable in the courts. That decision controls the disposition of this case. The petition was sufficient, and the demurrer was properly overruled.

In brief of defendant below it is suggested that the judgment was for an excessive sum. The original transcript disclosed this contention to be true. But after the filing of said brief plaintiffs suggested to this court a diminution of the record, which was sustained, and a perfect transcript of the final judgment was filed, which shows that judgment was obtained for the correct amount. The judgment is

AFFIRMED.