EVELYN CHARLOTTE YOUNG, APPELLANT, V. ORDER OF UNIT-
ED COMMERCIAL TRAVELERS OF AMERICA, APPELLEE.
7 N. W. (2d) 81

FILED DECEMBER 18, 1942. No. 31439.

*Butler, James & Morrison* and *H. G. Wellensiek,* for appellant.

*Cordeal, Colfer & Russell* and *E. W. Dillon, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

CARTER, J.

This is an action upon an accident insurance certificate insuring the life of plaintiff's husband against accidental death. A jury was waived and the case was tried to the court. The trial court found generally for the defendant and dismissed the action. The plaintiff appeals.

The defendant was a fraternal beneficiary society incorporated under the fraternal beneficiary society laws of the state of Ohio and licensed to issue policies of accident insurance in this state. On August 20, 1938, Leonard Taylor applied for membership and insurance in the defendant order and paid the initial membership and initiation fee requested of him by the secretary of the local council at McCook, Nebraska. On August 30, 1938, the application was accepted by the defendant at its home office in Columbus, Ohio, and the insurance certificate in question was issued and subsequently delivered to Leonard Taylor at McCook, Nebraska.

It appears from the record that on the night of December 31, 1938, the insured was struck in the face by one Frank White and knocked to the ground, causing open wounds to the head and face. That, as the result of a tetanus infection thereby acquired, Leonard Taylor died on January 7, 1939. Proofs of death were furnished the de-

fendant at its home office on January 26, 1939. On February 27, 1939, the defendant denied liability on two grounds; first, that the death of Leonard Taylor was not the result of accidental means independent of all other causes, and, second, that Leonard Taylor was not a member in good standing at the time of the accident. This action was commenced to recover on said certificate on April 28, 1941.

Where a fraternal beneficiary society issues a beneficiary certificate to one of its members, the constitution and by-laws of such society constitute a part of the insurance contract. *Van Dahl v. Sovereign Camp, W. O. W.*, 130 Neb. 181, 264 N. W. 454.

The constitution and by-laws of the defendant fraternal beneficiary society, in effect on August 30, 1938, and in effect at the date of the alleged accident, provided: "No suit or proceeding, either at law or in equity, shall be brought to recover any benefits under this Article after six (6) months from the date the claim for said benefits is disallowed by the Supreme Executive Committee." It is admitted that the action was not commenced within six months after February 27, 1939, the date the claim was disallowed by the Supreme Executive Council.

It is not disputed that the quoted provision limiting the time in which suit to recover benefits may be commenced to a period of six months is valid and binding in the state of Ohio. See *Bartley v. National Business Men's Ass'n*, 109 Ohio St. 585, 143 N. E. 386; *Appel v. Cooper Ins. Co.*, 76 Ohio St. 52, 80 N. E. 955; *Oster v. Columbian Nat. Fire Ins. Co.*, 7 Ohio Law Abstract, 570. If the insurance certificate is an Ohio contract, the pleaded provision of defendant's constitution and by-laws, limiting the time for the commencement of action to a period of six months, is a complete bar to recovery.

Plaintiff urges that the insurance certificate is a Nebraska contract and that the six months' limitation for filing suit is void and of no effect in this state. It is not disputed that such a provision is considered to be against public policy in this state and that the pleaded provision is in-

effective if the insurance certificate is a Nebraska contract. See *Miller v. State Ins. Co.*, 54 Neb. 121, 74 N. W. 416; *Omaha Fire Ins. Co. v. Drennan*, 56 Neb. 623, 77 N. W. 67; *Grand View Bldg. Ass'n v. Northern Assurance Co.*, 73 Neb. 149, 102 N. W. 246. Is the insurance certificate an Ohio or a Nebraska contract?

The rule is that, where the parties to an insurance contract are in different jurisdictions, the place where the last act is done which is necessary to the validity of the contract is the place where the contract is entered into. *McElroy v. Metropolitan Life Ins. Co.*, 84 Neb. 866, 122 N. W. 27; *Avondale v. Sovereign Camp, W. O. W.*, 134 Neb. 717, 279 N. W. 355. The insurance certificate in the instant case contains the provision "that Leonard Leo Taylor, a member of the Order of United Commercial Travelers of America, in consideration of the statements contained in his application for insurance and the application fee paid by him, is hereby accepted as an Insured Member of said Order under 'Class A,' beginning at twelve (12) o'clock, noon, Eastern Standard time, on the day this certificate is dated, and is entitled to all the rights and benefits which may be provided for such 'Class A' Insured Members in and by the constitution of said Order in force and effect at the time any accident occurs subsequent to said time and date." The certificate shows that it was signed and dated at Columbus, Ohio, on August 30, 1938. This was the final act necessary to put the insurance in force. Liability attached under the terms of the certificate from and after 12 o'clock noon on August 30, 1938, for any loss occurring thereunder, without the doing of any other act. Delivery or acceptance of the certificate was not essential to the placing of the insurance in force. It is clear, therefore, that, as the last act necessary to the validity of the contract was performed in Ohio, the insurance certificate was an Ohio contract. As such, the law of Ohio, and nót that of Nebraska, becomes a part of the contract. The provision limiting the bringing of suit to six months after disallowance of the claim by the Supreme Executive Council is therefore valid and a bar to a recovery.

Plaintiff urges that the case of *Avondale v. Sovereign Camp, W. O. W.,* 134 Neb. 717, 279 N. W. 355, supports her position that the insurance certificate was a Nebraska contract. We think this case is clearly distinguishable. In that case the constitution and by-laws provided that liability under the certificate of insurance should not begin until he shall have "had delivered to him, in person, his beneficiary certificate while in good health." The opinion shows that the last act necessary to the validity of the insurance certificate was the delivery of the certificate and the obtaining of a certificate of good health. This was done in Louisiana and the court held, properly we think, that it was a Louisiana contract. But in the case at bar the last act necessary to the validity of the insurance contract was performed in Ohio, and hence the certificate is an Ohio contract.

In view of the fact that the insurance certificate is an Ohio contract and contains a provision, valid in Ohio, and to which we must give full faith and credit, which bars recovery, the plaintiff cannot recover in this state. It is not necessary, in view of the foregoing determination, to discuss other assignments of error. We find no error in the record.

AFFIRMED.