DUNLOP TIRE & RUBBER CORP., A CORPORATION, APPELLANT,
v. KELLY P. RYAN ET AL., APPELLEES.

108 N. W. 2d 84

Filed March 10, 1961. No. 34891.

*Silverman & Silverman,* for appellant.

*Sidner, Lee, Gunderson & Svoboda* and *Chester N. Sutton,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, WENKE, SPENCER, and BOSLAUGH, JJ.

YEAGER, J.

This is an action by Dunlop Tire & Rubber Corp., a corporation, plaintiff and appellant, against Kelly P. Ryan and Boyd Hammond, defendants and appellees, to recover a judgment on a written guaranty of payment for goods, wares, and merchandise sold by the plaintiff to Kelly Ryan Equipment Company. The action was commenced by the filing of a petition in the district court. · The defendants by separate general demurrers asserted that the petition failed to state a cause of action. The demurrers were sustained. Thereafter judgment was rendered dismissing the action. From this judgment the plaintiff has appealed.

By the petition, which was filed October 8, 1959, it is pleaded, to the extent necessary to set forth here, that the plaintiff was duly organized and existing under the laws of the State of New York, and the defendants are residents of Washington County, Nebraska; that on or about February 6, 1950, the defendants executed and delivered to plaintiff a guaranty in writing wherein they guaranteed the payment to the plaintiff of any and all indebtedness then existing or any future indebtedness thereafter incurred by Kelly Ryan Equipment Company on account of goods, wares, and merchandise sold to it; and that the guaranty was not to exceed $10,000. A copy of the written guaranty was attached to and made a part of the petition.

It was further alleged that on July 23, 1954, the plaintiff sold to Kelly Ryan Equipment Company goods, wares, and merchandise of the reasonable value of $1,694; that no portion of this sum has been paid; that this amount is due; and that it is due the plaintiff from the defendants.

It was further pleaded that by the terms of the guaranty it was provided that: " 'This guaranty shall be

governed by and construed under the laws of the State of New York' "; that under the laws of the State of New York the limitation on contracts, express or implied, is 6 years; and that said law was and is now in full force and effect. The prayer was for judgment for $1,694 with interest and costs in the action. It is assumed by the plaintiff that the declaration of the guaranty that it shall be construed under the laws of New York was inclusive of application of the New York statute of limitations. There is no specific declaration relating to any statute of limitations.

The theory on which the demurrers were sustained apparently was that by the statute of limitations of the State of Nebraska action was barred, which bar was apparent on the face of the petition. This is the theory on which the parties have assumed that the decision was rendered.

The controlling rule in this area is that a petition showing on its face that the cause of action stated therein is barred by the statute of limitations is subject to general demurrer. See, Dufrene v. Anderson, 67 Neb. 136, 93 N. W. 139; Brainard v. Hall, 137 Neb. 491, 289 N. W. 845; Vielehr v. Malone, 158 Neb. 436, 63 N. W. 2d 497.

The theory of the plaintiff on the appeal is that under the terms of the guaranty, as disclosed by the petition, the statutes of Nebraska did not control the limitation of the time within which the action could be commenced but that it was controlled by the limitation contained in the statutes of the State of New York, and that in this light the judgment was erroneous. The plaintiff does not contend that the judgment was erroneous if the right to institute action was controlled by the Nebraska statute of limitations. The limitation of the Nebraska statute is 5 years and the pleaded limitation of the New York statute is 6 years.

The defendants assert in their brief that the statute of New York has not been pleaded sufficiently to permit

of its consideration here, and for that reason the judgment should be affirmed. In the early case of Minneapolis Harvester Works v. Smith, 36 Neb. 616, 54 N. W. 973, this court said: "In pleading the statute of limitations of a foreign state, it is unnecessary to set out in the pleading an exact copy thereof, or to give its title and date of approval. It is sufficient, as against a general demurrer, to allege the substance of the statute relied on." The pleading which was the basis of this pronouncement was the following, which was found to be sufficient as the pleading of a foreign statute: " 'That by the laws of Iowa the statute provides that an action of debt on a promissory note may be commenced within ten years from the time the cause of action accrued.' "

The pleading in the petition in this case of the statute of New York is as follows: "That under the laws of the State of New York, the limitation on contracts, express or implied, is six years." A comparison of this with what was said in Minneapolis Harvester Works v. Smith, *supra*, leads to the conclusion that the statute of New York was sufficiently pleaded.

The question remaining for determination is that of whether or not the allegations of the petition sufficiently state a cause of action requiring application of the statute of limitations of the State of New York. It is to be observed that the petition on its face does not declare the place where the guaranty was made and neither does it declare a place of performance in case performance is called for. The instrument however by its heading indicates that it was executed in Nebraska. As a part thereof appears "Blair, Nebraska Feb. 6, 1950." There is no allegation in the petition which declares that the guaranty or agreement exacts performance or part performance by the defendants anywhere outside the State of Nebraska. Also from other terms contained in the agreement an inescapable inference flows that the agreement and the guaranty became effective with

the signing by the defendants. By these terms it is declared that notice to the defendants of acceptance of the guaranty by the plaintiff was waived. In other words nothing remained to be done after signing to validate and make effective the guaranty.

In the light of this it becomes apparent the last act performed to constitute and make effective the guaranty was done and performed in the State of Nebraska. Accordingly, on the petition the guaranty must be regarded as a Nebraska transaction.

The general rule is stated in 17 C. J. S., Contracts, § 356, p. 813, as follows: "The place where a contract was made is to be determined in accordance with the intention of the parties. As a rule, a contract is considered as entered into at the place where the offer is accepted, or where the last act necessary to a meeting of the minds or to complete the contract is performed."

In Avondale v. Sovereign Camp, W.O.W., 134 Neb. 717, 279 N. W. 355, this court said: "The authorities are to the effect that the state in which the last act of a contract is performed is the situs of the contract." See, also, McElroy v. Metropolitan Life Ins. Co., 84 Neb. 866, 122 N. W. 27, 23 L. R. A. N. S. 968; Young v. Order of United Commercial Travelers, 142 Neb. 566, 7 N. W. 2d 81; Refrigeration & Air Conditioning Institute, Inc. v. Hilyard, 146 Neb. 42, 18 N. W. 2d 548.

In the case here the portion of the general rule relating to intention cannot be resolved in favor of plaintiff since, as indicated, there is nothing in the petition to indicate that there was any intention that the contract should be regarded as having been made at any place other than Nebraska. The guaranty must therefore be regarded as a Nebraska obligation or agreement, and any right of action arising under it arose in the State of Nebraska.

If it be assumed, as the plaintiff has done, that the declaration of the guaranty that the laws of New York shall include the statute of limitations it could avail

the plaintiff nothing in this case. It could have application only if a cause of action arose in one state and the action to enforce it was instituted in another. It could have no application in a case where the state in which the cause of action arose and in which the action to enforce it was the same. As to whether or not a statute of limitations may be treated as a matter of substance in the construction of contractual obligations there is a lack of uniformity of opinion in the reported cases. But few courts of last resort have spoken on the subject. The subject is considered in Annotation, 68 A. L. R. 217, and Annotation, 146 A. L. R. 1356.

This court has not passed upon the subject directly and specifically. The following has been stated in Kindler v. Kindler, 169 Neb. 153, 98 N. W. 2d 881: "The general rule is that a contract valid under its governing law is considered valid everywhere, and will be enforced everywhere, unless the enforcement of the contract would violate the positive law or would violate the settled public policy of the forum or would work an injury to the state or to its citizens." See, also, 15 C. J. S., Conflict of Laws, § 4, p. 858, § 11, p. 880.

By the petition was pleaded a cause of action based upon a written guaranty entered into in the State of Nebraska seeking in the courts of Nebraska enforcement of an obligation pursuant to an agreement which extended the limitation upon the right to maintain action for recovery beyond the period fixed by the statutes of Nebraska.

The attempt to so extend the right was void. In Miller v. State Ins. Co., 54 Neb. 121, 74 N. W. 416, 69 Am. S. R. 709, this court said: "The statutes of this state provide in what time actions may be brought; and a contract which provides that no action shall be brought thereon, or for a breach thereof, unless within a time therein specified, which is different from the time which the statute fixes for bringing an action on such contract or for a breach thereof, is against public policy

and will not be enforced by the courts of this state." This pronouncement was approved in the following cases: Omaha Fire Ins. Co. v. Drennan, 56 Neb. 623, 77 N. W. 67; Grand View Building Assn. v. Northern Assurance Co., 73 Neb. 149, 102 N. W. 246, affirmed 203 U. S. 106, 27 S. Ct. 27, 51 L. Ed. 109; Williams v. Western Travelers Accident Assn., 97 Neb. 352, 149 N. W. 822; Avondale v. Sovereign Camp, W. O. W., *supra;* Young v. Order of United Commercial Travelers, *supra.*

This rule of course does not apply to a valid contract entered into in a foreign state. The rule in such instance is that where a provision of a contract, valid in a foreign state where the contract was entered into is a bar to recovery, such provision is required to be enforced in this state under the full faith and credit clause of the Constitution of the United States, although such provision is void under the laws of this state. See Young v. Order of United Commercial Travelers, *supra.*

In the light of the observations contained herein it must be said that the petition in this case failed to state a valid cause of action and accordingly the court did not err in sustaining the demurrer and in rendering judgment of dismissal.

The judgment is affirmed.

AFFIRMED.

WENKE, J., not participating.