- 360 -

Decisions of the Nebraska Court of Appeals
23 Nebraska Appellate Reports
INTERVISION SYS. TECHS. v. INTERCALL
Cite as 23 Neb. App. 360

Intervision Systems Technologies, Inc.,
appellee and cross-appellant, v.
InterCall, Inc., appellant
and cross-appellee.

___ N.W.2d ___

Filed October 27, 2015.   No. A-14-916.

1.  **Summary Judgment.** An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law.

2.  **Summary Judgment: Jurisdiction: Appeal and Error.** When reviewing cross-motions for summary judgment, an appellate court acquires jurisdiction over both motions and may determine the controversy that is the subject of those motions.

3.  **Contracts: Judgments: Appeal and Error.** The meaning of a contract is a question of law, in connection with which an appellate court has an obligation to reach its conclusions independently of the determinations made by the court below.

4.  **Contracts: Public Policy: Appeal and Error.** Nebraska appellate courts have traditionally been reluctant to void contractual clauses on public policy alone.

5.  **Contracts: Public Policy.** Persons should not be unnecessarily restricted in their freedom to make their own contracts, and therefore, the court should act cautiously and not hold contracts void as being contrary to public policy unless they are clearly and unmistakably so.

6.  **Contracts: Public Policy: Words and Phrases.** A contract void for public policy reasons is one quite clearly repugnant to the public conscience.

7.  **Contracts: Public Policy: Limitations of Actions.** Contractual provisions shortening a statute of limitations are against public policy.

- 361 -

Decisions of the Nebraska Court of Appeals
23 Nebraska Appellate Reports
INTERVISION SYS. TECHS. v. INTERCALL
Cite as 23 Neb. App. 360

8. **Contracts: Public Policy: Limitations of Actions: Time.** A contract which provides that no action shall be brought thereon or for a breach thereof, unless within a time therein specified which is different from the time which the statute fixes for bringing an action on such contract or for a breach thereof, is against public policy and will not be enforced by the courts of this state.

9. **Contracts: Limitations of Actions.** Parties to a contract may not bind the courts to a period of limitations other than that prescribed by statute.

10. **Courts: Contracts: Public Policy.** Courts will not emasculate the liberty of contract by enabling parties to escape their contractual obligations on the pretext of public policy unless the preservation of the public welfare imperatively so demands.

11. **Limitations of Actions: Words and Phrases.** A statute of limitations is a law declaring that no suit shall be maintained on certain described causes of action unless brought within a specified period of time after the right accrued.

12. **Courts: Contracts.** Courts will not rewrite bargained-for provisions between sophisticated parties.

13. **Courts: Contracts: Claims: Notice: Limitations of Actions.** Nebraska courts have recognized the conceptual differences between notice of claim provisions and statutes of limitations.

14. **Contracts.** A contract is not substantively unconscionable unless the terms are grossly unfair under the circumstances that existed when the parties entered into the contract.

Appeal from the District Court for Douglas County: Peter C. Bataillon, Judge. Reversed and vacated, and cause remanded for further proceedings.

Patrick R. Guinan, of Erickson & Sederstrom, P.C., L.L.O., for appellant.

Luke T. Deaver, of Person, DeWald & Deaver, P.C., L.L.O., for appellee.

Irwin, Inbody, and Riedmann, Judges.

Riedmann, Judge.

## INTRODUCTION

InterCall, Inc., appeals from an order of the district court for Douglas County granting partial summary judgment in favor

of Intervision Systems Technologies, Inc. (Intervision), on its breach of contract claim and denying InterCall's cross-motion for summary judgment. Because we find that the district court erred in finding a notice provision of the contract to be an unenforceable statute of limitations clause, we reverse and vacate the district court's grant of summary judgment, and remand the cause for entry of summary judgment in favor of InterCall on the breach of contract claim and for further proceedings on Intervision's remaining causes of action.

## BACKGROUND

Intervision entered into a service agreement contract with InterCall in April 2010. The agreement obligated Intervision to commit to spending at least $8,000 annually on InterCall's audioconferencing services and in turn secured locked-in lower rates per minute than would be available without a contract. In particular, the agreement provided that InterCall would charge Intervision only $0.05 per minute for its telephone conferencing service known as Reservationless - Plus.

When InterCall added Intervision's account to its computer system, it incorrectly listed Intervision as a "non-contracted" customer, which subjected Intervision to automatic rate increases. The first erroneous automatic rate increase occurred on January 1, 2011, when InterCall increased the rate for Reservationless - Plus from $0.05 per minute to $0.25 per minute. On January 1, 2012, InterCall automatically began charging "Enhanced Product and Feature" fees on Intervision's calls. On May 1, InterCall increased Intervision's rate for Reservationless - Plus to $0.29 per minute. The parties stipulate that the erroneous extra charges led to InterCall's charging Intervision $94,733.66 in 2011 and 2012 when it should have charged only $17,863.36 over those 2 years.

InterCall sent monthly invoices to Intervision that detailed the length of each call, the charges for the call, and the amount of taxes and fees on the call. The invoices did not separately show the rate per minute being billed, although Intervision

- 363 -

DECISIONS OF THE NEBRASKA COURT OF APPEALS
23 NEBRASKA APPELLATE REPORTS
INTERVISION SYS. TECHS. v. INTERCALL
Cite as 23 Neb. App. 360

could have derived that number by dividing the amount charged by the number of minutes for each call. Intervision paid all of the charges as billed in 2011 and 2012.

Intervision first disputed the billing charges in March 2013. Intervision initially disputed only the charges from January and February 2013, but eventually disputed all of the erroneously increased charges dating back to January 2011. InterCall repaid Intervision the erroneous charges for January and February 2013, but refused to repay charges for 2011 or 2012 based on a clause of the service agreement that reads, "Customer must notify InterCall of any billing disputes within thirty (30) days from the date of the invoice, otherwise Customer hereby agrees to such charges and InterCall will not be subject to making adjustments."

Intervision filed suit against InterCall, asserting four causes of action: breach of contract, assumpsit, negligent misrepresentation, and fraudulent misrepresentation. The parties submitted cross-motions for summary judgment on Intervision's breach of contract claim. The district court entered an order granting Intervision's motion for partial summary judgment, holding that the notice clause quoted above was a statute of limitations clause and was unenforceable under Nebraska law as a matter of public policy. The district court entered final judgment for Intervision, awarding $73,852.76 in damages plus prejudgment interest at the rate of 2.142 percent. This appeal follows.

## ASSIGNMENTS OF ERROR

InterCall assigns, restated, that the district court erred in (1) finding that the notice clause is a statute of limitations clause, (2) holding that statute of limitations clauses in private commercial contracts are unenforceable, and (3) receiving into evidence the court file of a prior case in which InterCall was a plaintiff and one of the issues involved the identical notice provision. Intervision on its cross-appeal assigns, restated, that the district court erred in finding that its claim was

- 364 -

Decisions of the Nebraska Court of Appeals
23 Nebraska Appellate Reports
INTERVISION SYS. TECHS. v. INTERCALL
Cite as 23 Neb. App. 360

unliquidated and in applying the unliquidated prejudgment interest rate in its award of damages.

## STANDARD OF REVIEW

[1] An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law. *Johnson v. Nelson*, 290 Neb. 703, 861 N.W.2d 705 (2015).

[2] When reviewing cross-motions for summary judgment, an appellate court acquires jurisdiction over both motions and may determine the controversy that is the subject of those motions. *Id.*

[3] The meaning of a contract is a question of law, in connection with which an appellate court has an obligation to reach its conclusions independently of the determinations made by the court below. *Kercher v. Board of Regents*, 290 Neb. 428, 860 N.W.2d 398 (2015).

## ANALYSIS

*Characterization of Notice Clause*
*as Statute of Limitations.*

The service agreement between InterCall and Intervision contains a notice of claim clause that reads, "Customer must notify InterCall of any billing disputes within thirty (30) days from the date of the invoice, otherwise Customer hereby agrees to such charges and InterCall will not be subject to making adjustments."

[4-6] Intervision does not argue that this clause contains any ambiguity, but instead asserts that we should find it to be void against public policy as a clause that shortens the applicable statute of limitations. Nebraska appellate courts have traditionally been reluctant to void contractual clauses on public policy alone. *Bedrosky v. Hiner*, 230 Neb. 200, 430 N.W.2d

- 365 -

DECISIONS OF THE NEBRASKA COURT OF APPEALS
23 NEBRASKA APPELLATE REPORTS
INTERVISION SYS. TECHS. v. INTERCALL
Cite as 23 Neb. App. 360

535 (1988). Persons should not be unnecessarily restricted in their freedom to make their own contracts, and therefore, the court should act cautiously and not hold contracts void as being contrary to public policy unless they are clearly and unmistakably so. *Id.* A contract void for public policy reasons is one "quite clearly repugnant to the public conscience." *Id.* at 207, 430 N.W.2d at 541.

[7-9] However, in a line of cases dating from the late 1800's, the Nebraska Supreme Court has held that contractual provisions shortening a statute of limitations are against public policy. In *Miller v. State Ins. Co.*, 54 Neb. 121, 122-23, 74 N.W. 416, 417 (1898), the Nebraska Supreme Court held:

> The statutes of the state provide in what time all actions may be brought, and a contract which provides that no action shall be brought thereon, or for a breach thereof, unless within a time therein specified, which is different from the time which the statute fixes for bringing an action on such contract, or for a breach thereof, is against public policy, and will not be enforced by the courts of this state.

The court expressed a concern with "'parties to a contract [binding] the courts to a period of limitations other than that prescribed by statute.'" *Id.* at 123, 74 N.W. at 417. See, also, *Wulf v. Farm Bureau Ins. Co.*, 190 Neb. 34, 205 N.W.2d 640 (1973).

[10] The key issue before us is whether the service agreement's notice clause operates to shorten the applicable statute of limitations. Intervision urges us to find the notification clause to be a statute of limitations provision because of the similarity of effect. However, we must interpret this state's prescription on contractual modifications to statutes of limitations literally and narrowly in light of Nebraska's strong general rule that courts will not "'''"emasculate the liberty of contract by enabling parties to escape their contractual obligations on the pretext of public policy unless the

- 366 -

Decisions of the Nebraska Court of Appeals
23 Nebraska Appellate Reports
INTERVISION SYS. TECHS. v. INTERCALL
Cite as 23 Neb. App. 360

preservation of the public welfare imperatively so demands. . . ."'"'"'" *Jeffrey Lake Dev. v. Central Neb. Pub. Power*, 262 Neb. 515, 523, 633 N.W.2d 102, 109 (2001). Accordingly, we do not find the Nebraska Supreme Court's policy pronouncement against contractual modifications to statutes of limitations to be broad enough to encompass the notice provision at issue here.

[11,12] A statute of limitations is a law "declaring that *no suit shall be maintained* on [certain described] causes of action . . . unless brought within a specified period of time after the right accrued." Black's Law Dictionary 835 (5th ed. 1979) (emphasis supplied). Definitionally, then, a statute of limitations impacts the ability to file suit in court. The plain language of the notification clause does not change the time in which parties may file suit. Had Intervision notified InterCall of its dispute within 30 days, it would still have had the full 5-year statute of limitations period to file a claim. See Neb. Rev. Stat. § 25-205 (Reissue 2008). At most, then, this clause adds an additional duty to the customer to discover and contest billing errors in a timely manner. The clause shifts the burden of discovering InterCall's billing errors to Intervision. This is not a small burden; however, courts will not rewrite bargained-for provisions between sophisticated parties. See *Reichert v. Rubloff Hammond, L.L.C.*, 264 Neb. 16, 645 N.W.2d 519 (2002).

While both the notice of claim clause and a statute of limitations clause can have the effect of foreclosing remedies for InterCall's billing errors, they do so via different mechanisms. A statute of limitations is a complete bar to causes of action, based only on the passage of time. In contrast, the notice provision places an affirmative obligation on Intervision in order to maintain its rights to adjustment, but does not shorten the absolute period for filing an action. This is significant because statute of limitations clauses are disfavored due to the public harm of allowing private parties to modify a court's ability to hear claims. See *Miller v. State Ins. Co.*, 54 Neb. 121, 74

- 367 -

Decisions of the Nebraska Court of Appeals
23 Nebraska Appellate Reports
INTERVISION SYS. TECHS. v. INTERCALL
Cite as 23 Neb. App. 360

N.W. 416 (1898). Although the notice clause can operate to waive Intervision's right to billing adjustments, it does not alter the timeframe in which it may file a suit. Accordingly, this clause does not implicate Nebraska's policy against contractual modifications of statutes of limitations.

[13] Case law supports our refusal to recognize the notification provision as a statute of limitations clause. Nebraska courts have recognized the conceptual differences between notice of claim provisions and statutes of limitations. See *Campbell v. City of Lincoln*, 195 Neb. 703, 240 N.W.2d 339 (1976) (separately analyzing provisions of Political Subdivisions Tort Claims Act (1) requiring notice of claims within 1 year and (2) modifying statute of limitations to 2 years). Similarly, an appellate court in Massachusetts found a contractual provision requiring notice of a wage dispute within 30 days not to be a statute of limitations clause. *Puleio v. North Coast Sea-Foods Corp.*, No. 09-P-1806, 2010 WL 3860664 at *2 (Mass. App. Oct. 5, 2010) (unpublished disposition listed in table of "Summary Dispositions" at 78 Mass. App. 1102, 934 N.E.2d 302 (2010)) ("the notice provision here does not implicate the relevant statutes of limitations . . . because it does not 'limit, between the parties, the time for *bringing an action* . . . to a period less than that prescribed in the general statute'") (emphasis in original). We therefore conclude that the notice provision contained in the service agreement is not a statute of limitations.

*Enforceability of Notice Provision.*

[14] Although the clause as written is burdensome to Intervision, we do not have facts to show that it is unconscionable. A contract is not substantively unconscionable unless the terms are grossly unfair under the circumstances that existed when the parties entered into the contract. *Myers v. Nebraska Invest. Council*, 272 Neb. 669, 724 N.W.2d 776 (2006). The Nebraska Supreme Court has refused to find unconscionability in business contracts where the record

- 368 -

Decisions of the Nebraska Court of Appeals
23 Nebraska Appellate Reports
INTERVISION SYS. TECHS. v. INTERCALL
Cite as 23 Neb. App. 360

showed no disparity in the parties' bargaining positions. *Id.* Here, both parties are commercial entities and we have no record of a disparity in bargaining power. The terms of the contract are unambiguous, the entire contract is only four pages long, and the print above the parties' signatures reads, "CUSTOMER HAS READ AND AGREES TO BE BOUND BY THIS AGREEMENT, INCLUDING THE TERMS AND CONDITIONS ATTACHED HERETO." Accordingly, we cannot find the clause unconscionable and cannot rewrite the contract to exclude it. See *Reichert v. Rubloff Hammond, L.L.C.*, 264 Neb. 16, 645 N.W.2d 519 (2002).

Further, the majority of courts in other jurisdictions addressing contract provisions that require notice of a dispute within an amount of time shorter than the statute of limitations have found them to be enforceable. See, e.g., *Richelieu Foods v. New Horizon Warehouse Distrib.*, 67 F. Supp. 3d 903, 909 (N.D. Ill. 2014) (holding that provision that failure to notify regarding "'"any dispute relating to any invoice or portion thereof within thirty (30) days of receipt of the invoice . . ."'" operates as waiver of dispute is enforceable); *Strom Engineering Corp. v. International Fiber Corp.*, No. 3:12-CV-035, 2013 WL 5274704 (S.D. Ohio Sept. 18, 2013) (enforcing provision requiring notice of any disputed invoices in 30 days); *Barber Auto Sales, Inc. v. United Parcel Services*, 494 F. Supp. 2d 1290 (N.D. Ala. 2007); *Powers Law Offices, PC v. Cable & Wireless USA*, 326 F. Supp. 2d 190 (D. Mass. 2004) (citing group of cases enforcing notice of billing dispute provisions in telecommunications tariffs); *Williams v. Federal Express Corp.*, No. CV 99-06252 MMM BQRX, 1999 WL 1276558 (C.D. Cal. Oct. 6, 1999) (unpublished opinion); *Globaleyes Telecommunications v. Verizon North*, 425 B.R. 481 (S.D. Ill. 2010); *Puleio v. North Coast Sea-Foods Corp., supra*.

Because we find that the notice clause is not a statute of limitations clause and is valid, it must be enforced. Intervision did not dispute the charges until March 2013, more

than 30 days from the invoice date for all of the 2011 and 2012 invoices at issue. Therefore, under the contract's terms, Intervision waived its right to receive adjustment on these invoices. Given this holding, we do not reach the remaining assignments of error.

## CONCLUSION

We find that the notice of claim clause in the contract is not a statute of limitations clause and is valid and enforceable. Because Intervision did not notify InterCall of billing disputes within the 30 days agreed in the contract, it has waived its right under the terms of the contract to adjustment of those bills. Accordingly, we reverse and vacate the district court's entry of summary judgment for Intervision, and remand the cause with instructions to enter summary judgment on the breach of contract claim for InterCall and for further proceedings on the remaining causes of action.

REVERSED AND VACATED, AND CAUSE REMANDED
FOR FURTHER PROCEEDINGS.