Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/06/2023 09:07 AM CDT

Teresa Rose, appellant, v. American Family
Insurance Company, appellee.
___ N.W.2d ___

Filed October 6, 2023.    No. S-22-898.

1. **Summary Judgment: Appeal and Error.** An appellate court affirms a
   lower court's grant of summary judgment if the pleadings and admitted
   evidence show that there is no genuine issue as to any material facts or
   as to the ultimate inferences that may be drawn from the facts and that
   the moving party is entitled to judgment as a matter of law.
2. ____: ____. An appellate court reviews the district court's grant of sum-
   mary judgment de novo, viewing the record in the light most favorable
   to the nonmoving party and drawing all reasonable inferences in that
   party's favor.
3. **Insurance: Contracts.** An insurance policy is a contract between the
   insurer and the insured, whose respective rights and obligations must be
   determined by contract principles.
4. **Jurisdiction: States: Contracts.** Persons residing in different states
   may select the law of either state to govern their contract, and the par-
   ties' choice of law will ordinarily govern.

Appeal from the District Court for Douglas County: J
Russell Derr, Judge. Affirmed.

Eric R. Chandler, of Chandler Conway, P.C., L.L.O., for
appellant.

Joel D. Nelson, Joel Bacon, and Brenna M. Grasz, of
Keating, O'Gara, Nedved & Peter, P.C., L.L.O., for appellee.

Danny C. Leavitt for amicus curiae Nebraska Association of
Trial Attorneys.

Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Miller-Lerman, J.

## NATURE OF CASE

Teresa Rose appeals the order of the district court for Douglas County made on summary judgment that determined that her claim for underinsured motorist benefits against American Family Insurance Company (American Family) was barred by a 2-year limitation provision in the insurance policy and dismissed her action. Rose appeals. We determine that the Iowa choice-of-law provision in this Iowa policy controls and that under Iowa law, the 2-year contractual limitation period on actions for underinsured motorist benefits was reasonable when the contract was made and is enforceable in this case. Because Rose's action was untimely, we affirm the order of the district court that granted summary judgment in favor of American Family and dismissed the action.

## STATEMENT OF FACTS

*The Collision.*

On February 3, 2018, Rose was injured when the vehicle she was driving was struck by an underinsured motorist. Rose was commuting to her workplace in Omaha, Nebraska, from her home in Carter Lake, Iowa (Carter Lake Residence), where she lived with her sister, Shauna Bosques.

At the time of the collision, Rose had an Iowa driver's license, but did not own a vehicle. The car in which she was struck was borrowed from her boyfriend, Christopher Stark. Stark was a Nebraska resident, and the car was licensed and registered in the State of Nebraska. Stark loaned the car to Rose approximately every other weekend so that she could commute to work.

*Auto Insurance Claims.*

Following the collision, Rose was hospitalized for several days. She ultimately settled with the auto insurer for

the at-fault motorist for the liability limit of $25,000 and settled with Stark's auto insurer for the underinsured limit of $25,000. Rose claimed underinsured motorist benefits under an American Family auto insurance policy (Policy) issued to Rose's sister, Bosques. This appeal arises from Rose's claim for underinsured motorist benefits against the Policy.

The Policy extended coverage to certain relatives of Bosques. The Carter Lake Residence was owned by the father of Rose and Bosques. The Policy was issued in Iowa. It contained a "Choice of Law" provision that stated: "Any disputes as to the coverage provided or the provisions of this policy will be governed by the laws of the **state** shown in the **Declarations** as **your** residence." The residence in the declarations showed the Iowa address of the Carter Lake Residence. The declaration showed one named vehicle, a Kia, which was "garaged" at the Carter Lake Residence. The parties do not dispute that the Kia was not involved in the collision.

On November 15, 2019, American Family determined that Rose had been fully compensated by her prior settlements and denied her claim for underinsured motorist benefits.

*Lawsuit Against American Family.*

Rose sued American Family in the district court for Douglas County, Nebraska, on September 3, 2020. American Family moved for summary judgment based on a limitations of action provision in the Policy regarding underinsured motorist coverage that stated "any suit against [American Family] will be barred unless commenced within two years from the date of the accident." American Family asserted that Iowa law applied to the Policy and that the 2-year contractual limitation in the Policy barred Rose's action.

*District Court Order.*

The district court determined, inter alia, that Iowa courts have expressed a strong public policy in favor of freedom of contract and have specifically enforced an underinsured motorist policy that contained a 2-year limitation on actions.

The district court concluded that under Iowa law, Rose's claim was time barred. The district court granted American Family's motion for summary judgment and dismissed the action.

Rose appeals.

## ASSIGNMENT OF ERROR

Rose claims, summarized and restated, that the district court erred when it determined that her action was time barred under the 2-year limitation period in the Policy, granted summary judgment to American Family, and dismissed her action.

## STANDARDS OF REVIEW

[1,2] An appellate court affirms a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law. *Schuemann v. Timperley*, 314 Neb. 298, 989 N.W.2d 921 (2023). An appellate court reviews the district court's grant of summary judgment de novo, viewing the record in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Id*.

The interpretation of a contract and whether the contract is ambiguous are questions of law subject to independent review. *Brush & Co. v. W. O. Zangger & Son*, 314 Neb. 509, 991 N.W.2d 294 (2023).

An appellate court reviews questions of law independently of the lower court's conclusion. See *Bruce Lavalleur, P.C. v. Guarantee Group*, 314 Neb. 698, 992 N.W.2d 736 (2023).

## ANALYSIS

The district court determined that, under the terms of the Policy, Rose's action for underinsured benefits was time barred and, accordingly, granted summary judgment in favor of American Family and dismissed the action. Rose appeals, asserting a variety of theories.

American Family argues, inter alia, that the parties to the Policy chose to be governed by Iowa law, that the 2-year limitation provision was reasonable in Iowa when the Policy was made, and that we may enforce it. We agree with American Family.

*A Claim for Underinsured Motorist Benefits Under an Insurance Policy Arises out of a Contract.*

[3] Among her variety of rationales, Rose contends that because this matter flowed from an auto accident, Nebraska's 4-year statute of limitations for torts, Neb. Rev. Stat. § 25-207 (Reissue 2016), controls the outcome of this case. We do not agree. An insurance policy is a contract between the insurer and the insured, whose respective rights and obligations must be determined by contract principles. *Johnson v. United States Fidelity & Guar. Co.*, 269 Neb. 731, 696 N.W.2d 431 (2005). An insurance policy must be construed as any other contract to give effect to the parties' intentions at the time the contract was made. See *North Star Mut. Ins. Co. v. Miller*, 311 Neb. 941, 977 N.W.2d 195 (2022).

We also note that because Rose was a relative residing in Bosques' household, we assume without deciding that Rose is an "insured person" as defined under the Policy, and we proceed with our coverage analysis accordingly.

*Contractual Choice-of-Law Provision Effectively Selected Iowa Law to Govern the Policy.*

The Policy contains a contractual choice-of-law provision. Under the "Choice of Law" section, the Policy provided that "[a]ny disputes as to the coverage provided or the provisions of this policy will be governed by the laws of the state shown in the Declarations as your residence." (Emphasis omitted.) The declarations page listed Bosques' Carter Lake Residence in Iowa as the residence. The Policy therefore anticipates application of Iowa law.

[4] We have recognized that persons residing in different states may select the law of either state to govern their

contract and that the parties' choice of law will ordinarily govern. See *American Nat. Bank v. Medved*, 281 Neb. 799, 801 N.W.2d 230 (2011). When considering whether a contractual choice-of-law provision is determinative, we have adopted Restatement (Second) of Conflict of Laws § 187(1) at 561 (1971), which provides, in relevant part: "The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue." See, *American Nat. Bank v. Medved, supra*; *Johnson v. United States Fidelity & Guar. Co., supra*.

Thus, the express choice-of-law provision in the Policy applies to the 2-year contractual limitation period if the provision is permitted under Iowa law.

*A Contractual Limitations Period
Is Permitted Under Iowa Law.*

The contractual choice of law in the Policy prevails if the particular issue is one that the parties could have resolved by explicit provision in their agreement, as informed by the local law of the state selected. Restatement, *supra*, § 187, comment *c.*, illustration 4 at 563. As explained below, we determine that Iowa law as selected by the parties permits the parties to the Policy to contract for a 2-year limitation period on legal actions for underinsured motorist benefits.

Under Iowa statutes, a breach of contract claim for underinsured motorist benefits is subject to the 10-year statute of limitations for written contracts. See Iowa Code Ann. § 614.1(5) (West 2018). See, also, *Robinson v. Allied Property and Cas. Ins.*, 816 N.W.2d 398 (Iowa 2012). Importantly, however, Iowa law recognizes the rights of insurers to limit time for claims, "'irrespective of a legislative imprimatur on such provisions.'" *Robinson v. Allied Property and Cas. Ins.*, 816 N.W.2d at 402. Iowa courts have held that "[t]o declare a contractual deadline for [uninsured motorist] or

[underinsured motorist] claims unenforceable 'is an extraordinary remedy, and we find it unpalatable.'" *Id*. at 408 (quoting *Vansickle v. Country Mut. Ins. Co.*, 272 Ill. App. 3d 841, 651 N.E.2d 706, 209 Ill. Dec. 528 (1995)). Consistent with the pronouncement quoted above, Iowa courts have explicitly held that some 2-year limitation clauses for uninsured or underinsured motorist disputes are valid and enforceable. See, *Osmic v. Nationwide Agribusiness Ins. Co.*, 841 N.W.2d 853 (Iowa 2014); *Robinson v. Allied Property and Cas. Ins., supra*; *Douglass v. American Family Mut. Ins. Co.*, 508 N.W.2d 665 (Iowa 1993), *overruled on other grounds, Hamm v. Allied Mut. Ins. Co.*, 612 N.W.2d 775 (Iowa 2000).

In considering the propriety of the 2-year limitation period, the Supreme Court of Iowa has stated that a contractual deadline for legal actions must allow the insured a reasonable period to sue for the policy benefits. See *Robinson v. Allied Property and Cas. Ins., supra*. Whether a contractual limitations period is "'reasonable'" is determined at the time the contract is entered. *Id*. at 404 n.1 (quoting 1A Arthur Linton Corbin, Corbin on Contracts § 218 (1963)). Iowa courts have enforced the 2-year deadline even though the insured was not aware that the tort-feasors were judgment proof until after the 2 years had passed. See, *Osmic v. Nationwide Agribusiness Ins. Co., supra*; *Robinson v. Allied Property and Cas. Ins., supra*.

Like the plaintiff in *Robinson*, Rose argues that application of the limitations provision in the Policy is unreasonable under the circumstances of this case. But we observe that the court in *Robinson* declined to invalidate a 2-year contractual underinsured motorist deadline on similar grounds now urged by Rose, to the effect that the insured did not reasonably discover the full extent of damages until later.

Under the law of Iowa at the time the Policy was executed, the 2-year limitation period in the Policy was reasonable. The time limitation in the policy did not require Rose to wait to bring her underinsured motorist suit, and under Iowa law, she

could have pursued her underinsured motorist claim simultaneously with her claim against the at-fault motorist. See *Robinson v. Allied Property and Cas. Ins., supra*. The limitations provision is an issue which was resolved through contract, and the Iowa law approving of the 2-year limitation period for underinsured actions applies.

*Nebraska Law Does Not Prohibit*
*Contractual Limitations Periods*
*in Non-Nebraska Contracts.*

Rose refers us to Nebraska's 5-year statute of limitations for contracts, Neb. Rev. Stat. § 25-205(1) (Reissue 2016), and contends that this 5-year limitations period applies and eclipses the 2-year provision in the Policy. But, see, Neb. Rev. Stat. § 44-6413(1)(e) (Reissue 2021). She asserts the 2-year limitation period in this Iowa contract is not enforceable in Nebraska. We do not agree.

Although we have determined that contractual limitation periods shorter than Nebraska statutory periods are not enforceable for policies issued in Nebraska, such provisions will be enforced in Nebraska when they appear in contracts entered into in other states. See *Avondale v. Sovereign Camp, W. O. W.*, 134 Neb. 717, 279 N.W. 355 (1938). We have further concluded that where the provision of the contract of insurance, valid in another state where the contract was entered into, is a bar to recovery, such provision is required to be enforced in this state under the full faith and credit clause of the Constitution of the United States. *Young v. Order of United Commercial Travelers*, 142 Neb. 566, 7 N.W.2d 81 (1942). We have stated that this is so although such provision may be void under the law of this state. *Id*.

## CONCLUSION

When the policy of insurance contains a choice-of-law provision and was made in a state that permits such a provision, the law chosen by the contracting parties governs. The 2-year

limitation period in the Policy, which was issued in Iowa, controls. Rose's action was time barred under applicable Iowa law, and American Family was entitled to summary judgment and dismissal of the action. Accordingly, we affirm the order of the district court.

AFFIRMED.

HEAVICAN, C.J., not participating.
STACY, J., concurs in the result.